UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 MAY 26  P 12: 11

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT

| | |
|---|---|
| **CANDACE EPPS,** | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:05cv498-C |
| | ) |
| **WALGREEN CO, INC.,** | ) *Jury Demand* |
| Defendant | ) |

## COMPLAINT

Comes now Plaintiff Candace Epps (hereinafter, "Epps") against the above-captioned defendant, WALGREEN CO., INC. (hereinafter, "the employer") and would show unto the Court as follows:

### JURISDICTION AND VENUE

1. Epps files this Complaint and invokes the jurisdiction of this Court under and by virtue of 28 U.S.C. §1331 and §1343, to obtain compensatory and punitive damages as well as injunctive and declaratory relief. Defendant violated Plaintiff's rights as guaranteed by the Constitution of the United States and by Federal law, particularly Title VII of the Civil Rights Act of 1964 (42 U.S.C.A. § 2000e, et seq.), as amended, and 42 U.S.C.A. § 1981. Jurisdiction is proper in the U.S. District Court as a consequence of Epps' having received a Notice of Right to Sue pursuant to her charge of discrimination filed with the EEOC. This action is timely filed.

2. The violations of Epps' rights as alleged herein occurred in Montgomery County, Alabama, and were committed within the Northern Division of the Middle District of the State of Alabama. The employer, however, is a corporation and has a place of business and does business within Montgomery County in the Middle District of Alabama. Venue

is thus proper in the Middle District of Alabama, pursuant to 28 U.S.C. § 1391(c).

## PARTIES

3. Epps, who is over the age of 19 years, is and at all times material hereto was a citizen of the United States and the State of Alabama, residing in Montgomery County, Alabama. Epps is a Black female employee of the employer.

4. The employer is a business entity doing business in Montgomery County, Alabama, a better denomination of which is presently unknown to Epps, and at all times material hereto was the employer of Epps.

## NATURE OF PROCEEDINGS

5. This is a proceeding for a declaratory judgment as to Epps' rights and for a permanent injunction, restraining the employer from maintaining a policy, practice, custom or usage of discrimination against Epps because of her race with respect to employment, promotion, compensation, terms, conditions and privileges of employment. The Complaint also seeks restitution to Epps of all rights, privileges, benefits and income that would have been received by Epps but for the employer's unlawful and discriminatory practices. Further, Epps seeks compensatory and punitive damages for the wrongs alleged herein.

6. Epps avers that the employer denied Epps her rights under the laws of the United States of America and that such actions by the employer were designed to discriminate against her as to employment.

7. Epps avers that the alleged wrongful actions were designed to prevent her and others similarly situated from obtaining an equality with White persons in employment, promotions and pay.

8. Epps avers that the actions of the employer were intended to specifically deny her rights because she is Black.

9. As a proximate result of the illegal actions alleged above, Epps has been damaged in that she has been deprived of promotion, higher pay, and opportunity for further promotion and pay increases.

10. As a direct and proximate result of the aforesaid acts of the employer, Epps has suffered loss of promotions, elevated status, pay, and benefits, has suffered great mental anguish from then until now, and will continue to suffer in the future, and has been greatly humiliated.

11. Epps avers that the employer acted willfully, knowingly and purposefully with the specific intent to deprive Epps of her rights as alleged above and to cause Epps mental anguish and public ridicule and to discriminate against her because of her race, or that it acted recklessly, wantonly, and in knowing violation of Epps' substantial rights, knowing that she was substantially certain to suffer as a consequence.

## FACTS

12. Epps expressly adopts as if fully set forth herein the allegations of each and all of the preceding paragraphs.

13. All of the Walgreen stores in the central Alabama area are owned and operated by the same entity, Epps' employer.

14. Epps was employed by the employer in July, 2002, as an Assistant Manager at the employer's store on South Boulevard in Montgomery, Alabama.

15. Epps filed a complaint with the Equal Employment Opportunity Commission during February, 2003, claiming that the employer was favoring White in according

opportunities for training.

16. Upon notice to the employer of the EEOC charge, the employer responded by promoting her to Executive Assistant Manager (EXA) in July, 2003. In light of her promotion, Epps did not pursue her EEOC charge.

17. The employer's policy requires that an EXA pass a Pharmacy Technician Certified Board examination before being promoted to Store Manager.

18. Epps took and passed the required examination in March, 2004.

19. Prior to March, 2004, Epps was informed by her Store Manager, James Freeman (White male), that when she passed the examination, he would recommend her for promotion to Store Manager, as she had already met all of the other qualifications for that position.

20. Following her passing the examination, Epps was recommended for promotion by Freeman.

21. Epps met on more than one occasion with the employer's District Manager, David Shepard (White male), to pursue he goal of promotion to Store Manager.

22. Shepard told Epps that he wanted her to work as EXA with more than one Store Manager in his District before being promoted.

23. Epps had already worked for a different Store Manager prior to Freeman, and told Shepard so.

24. Shepard told Epps that her experience with the first Store Manager did not count because he was not a good manager.

25. Shepard assigned Epps to work as EXA at the employer's new Perry Hill Road store under the supervision of JoAnn Jones, White female, who was at that store only to supervise its opening and shakedown.

26. Epps worked under Jones for a couple of months until the store was fully operational, at which time Jones went back to her regular post as Store Manager of the employer's Atlanta Highway store, to be replaced at the Perry Hill Road location by Leland Wallace, White male.

27. Wallace was promoted by Shepard to Store Manager of one of the employer's stores in Montgomery despite having worked for only one Store Manager in Shepard's District.

28. Wallace had no qualifications superior to those of Epps.

29. The position filled by Wallace was one for which Epps was qualified and in which she had expressed an interest.

30. At approximately the same time, in or about June, 2004, a Store Manager's position became open in Birmingham, Alabama (in Shepard's District).

31. Epps was qualified and available for promotion into that position.

32. The position in Birmingham was filled by a White female who had less tenure with the employer than Epps.

33. At all times material hereto, Epps was performing her job to the reasonable satisfaction of her employer.

34. Finally, in February, 2005, Epps was promoted to Store Manager of the Perry Hill Road store.

35. During the time she should have been a Store Manager but had been denied a promotion, Epps lost income, status, and prestige.

36. She has suffered emotional distress, mental anguish, and loss of enjoyment of life.

37. The employer has exhibited a pattern of racial discrimination in its operations in the central Alabama area. At least two Black Beauty Advisors ha been denied promotion in

favor of a less-qualified, newly-hired White applicant. Another fully-qualified and trained Black Photo Technician has been denied a promotion to Senior Photo Technician in favor of a lesser-qualified White applicant.

## CAUSES OF ACTION

38. Epps expressly adopts as to each cause of action as if set forth therein the averments of each of the foregoing paragraphs.

### COUNT I – RACE DISCRIMINATION UNDER 42 U.S.C.A. § 2000e, et seq.

39. Epps is fully qualified for the position she held with the employer, and she has always performed her job in a manner that has met the employer's reasonable expectations.

40. Epps is a member of a protected class, Black.

41. A higher position became open.

42. Epps had made known to upper management her interest in promotion to a higher position.

43. Epps was fully qualified for promotion to the higher position.

44. Epps was denied promotion to the higher position.

45. A member of a non-protected class, White, who was no better qualified than Epps was selected for the position.

46. Epps further avers that the employer's discrimination based on race had the effect of limiting and/or segregating her from other workers and applicants, thereby depriving her of an employment opportunity.

47. Epps has been damaged as a result in that she has suffered a loss of status, prestige, pay and benefits, and she has suffered great embarrassment, humiliation, emotional distress and severe mental anguish.

## COUNT TWO - RACE DISCRIMINATION UNDER 42 U.S.C.A. § 1981

48. Epps is fully qualified for the position she held with the employer, and she has always performed her job in a manner that has met the employer's reasonable expectations.

49. Epps is a member of a protected class, Black.

50. A higher position became open.

51. Epps had made known to upper management her interest in promotion to a higher position.

52. Epps was fully qualified for promotion to the higher position.

53. Epps was denied promotion to the higher position.

54. A member of a non-protected class, White, who was no better qualified than Epps was selected for the position.

55. Epps further avers that the employer's discrimination based on race had the effect of limiting and/or segregating her from other workers and applicants, thereby depriving her of an employment opportunity.

56. Epps has been damaged as a result in that she has suffered a loss of status, prestige, pay and benefits, and she has suffered great embarrassment, humiliation, emotional distress and severe mental anguish.

## PRAYER FOR RELIEF

WHEREFORE, Epps demands judgment for herself and against the employer as follows:

a) Epps prays that the Court will enter a declaratory judgment that the practices complained of herein are unlawful and violative of 42 U.S.C.A. § 2000e, et seq., and 42 U.S.C.A. § 1981;

b) Epps prays that the Court will Order modification or elimination of practices,

policies, customs, and usages set forth herein and all other such practices shown to be in violation of law that they do not discriminate on the basis of race;

c)  Epps demands compensatory and punitive damages of Three Hundred Thousand Dollars as to claims cognizable under 42 U.S.C.A. § 2000e by and through 42 U.S.C. 1981(a), and further demands compensatory and punitive damages of Three Hundred Thousand dollars as to claims cognizable under 42 U.S.C.A. § 1981;

d)  Epps prays that the Court will grant her the cost of this action including reasonable attorneys' fees;

e)  Epps prays that the Court will grant her such equitable relief as may be available under relevant statutes as to which she may be entitled, including back pay, front pay, and instatement;

f)  Epps prays, in the alternative, that she be granted nominal damages and equitable relief;

g)  Epps prays that the Court will enjoin the employer from any further discrimination;

h)  Epps prays that the Court will grant to her such other, further and different relief as this Court may deem just and proper.

RESPECTFULLY SUBMITTED on this the ___26___ day of ___May___, 2005.

_____
JAY LEWIS (LEW031)
Plaintiff's Attorney

LAW OFFICES OF JAY LEWIS, LLC.
P.O. Box 5059
Montgomery, AL 36103
334-263-7733 (Voice)

334-832-4390 (Fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J

**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.**