IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **CANDACE EPPS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO.: 2:05CV-00498-C |
| | ) | |
| **WALGREEN CO., INC.** | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER

Defendant, Walgreen Co., Inc. (hereinafter "Walgreen") answers the Complaint as follows:

1.  For answer to Paragraph 1 of the Complaint, Walgreen denies the allegations of Paragraph 1, except Walgreen admits that this Court has jurisdiction of alleged violations under Title VII of the Civil Rights Act of 1964, as Amended, and 42 USC Section 1981.

2.  For answer to Paragraph 2 of the Complaint, Walgreen denies the allegations of Paragraph 2, except Walgreen admits that it is a corporation which has a place of business and does business within Montgomery County in the Middle District of Alabama and that venue of this action is proper in the Middle District of Alabama.

3.  For answer to Paragraph 3 of the Complaint, Walgreen denies the allegations of Paragraph 3, except Walgreen admits that Candace Epps (hereafter "Epps") is a citizen of the United States residing in Montgomery County, Alabama, and that she is employed by Walgreen.

4.      For answer to Paragraph 4 of the Complaint, Walgreen denies the allegations of Paragraph 4, except Walgreen admits that it does business in Montgomery County, Alabama, and that Epps is employed by Walgreen.

5.      For answer to Paragraph 5 of the Complaint, Walgreen denies the allegations of Paragraph 5.

6.      For answer to Paragraph 6 of the Complaint, Walgreen denies the allegations of Paragraph 6.

7.      For answer to Paragraph 7 of the Complaint, Walgreen denies the allegations of Paragraph 7.

8.      For answer to Paragraph 8 of the Complaint, Walgreen denies the allegations of Paragraph 8.

9.      For answer to Paragraph 9 of the Complaint, Walgreen denies the allegations of Paragraph 9.

10.     For answer to Paragraph 10 of the Complaint, Walgreen denies the allegations of Paragraph 10.

11.     For answer to Paragraph 11 of the Complaint, Walgreen denies the allegations of Paragraph 11.

12.     For answer to Paragraph 12 of the Complaint, Walgreen repeats and incorporates its responses to previous paragraphs.

13.     For answer to Paragraph 13 of the Complaint, Walgreen admits that it owns several Walgreen stores in the Central Alabama area, and that it has employed Epps from July 21, 2002, to the present.

14. For answer to Paragraph 14 of the Complaint, Walgreen denies the allegations of Paragraph 14, except Walgreen admits that Epps was employed as a management trainee (MGT) on July 21, 2002, in Store #6843 on E. South Boulevard in Montgomery, Alabama.

15. For answer to Paragraph 15 of the Complaint, Walgreen denies the allegations of Paragraph 15, except Walgreen admits Epps filed a Charge of Discrimination with the EEOC, which was served on Walgreen on May 16, 2003.

16. For answer to Paragraph 16 of the Complaint, Walgreen denies the allegations of Paragraph 16, except Walgreen admits that Epps was promoted to the position of Executive Assistant Manager (EXA) on July 23, 2003, and that the EEOC dismissed her Charge of Discrimination on October 8, 2003, because "Based on its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes."

17. For answer to Paragraph 17 of the Complaint, Walgreen admits the allegations of Paragraph 17.

18. For answer to Paragraph 18 of the Complaint, Walgreen admits that Epps took the PTCB test in March and received PTCB certification effective March 31, 2004.

19. For answer to Paragraph 19 of the Complaint, Walgreen denies the allegations of Paragraph 19.

20. For answer to Paragraph 20 of the Complaint, Walgreen denies the allegations of Paragraph 20.

21. For answer to Paragraph 21 of the Complaint, Walgreen denies the allegations of Paragraph 21.

22.     For answer to Paragraph 22 of the Complaint, Walgreen denies the allegations of Paragraph 22, except Walgreen admits that Sheppard told Epps that he wanted her to have experience as an EXA under more than one Store Manager before she was promoted.

23.     For answer to Paragraph 23 of the Complaint, Walgreen denies the allegations of Paragraph 23.

24.     For answer to Paragraph 24 of the Complaint, Walgreen denies the allegations of Paragraph 24.

25.     For answer to Paragraph 25 of the Complaint, Walgreen denies the allegations of Paragraph 25, except that Walgreen admits that Epps was transferred to Store #2203 in August, 2003, and that her Store Manager at that time was JoAnn Jones, a white female.

26.     For answer to Paragraph 26 of the Complaint, Walgreen admits the allegations of Paragraph 26.

27.     For answer to Paragraph 27 of the Complaint, Walgreen denies the allegations of Paragraph 27, except that Walgreen admits that Leland Wallace, a white male, was promoted to Store Manager in June, 2004.

28.     For answer to Paragraph 28 of the Complaint, Walgreen denies the allegations of Paragraph 28.

29.     For answer to Paragraph 29 of the Complaint, Walgreen denies the allegations of Paragraph 29.

30.     For answer to Paragraph 30 of the Complaint, Walgreen admits that a Store Manager's position became open in Birmingham, Alabama. Walgreen's records do not show that Epps ever expressed interest in working in Birmingham.

31.     For answer to Paragraph 31 of the Complaint, Walgreen denies the allegations of Paragraph 31.

32.     For answer to Paragraph 32 of the Complaint, Walgreen denies the allegations of Paragraph 32.

33.     For answer to Paragraph 33 of the Complaint, Walgreen denies the allegations of Paragraph 33, except Walgreen admits that Epps met expectations as a management trainee, and met expectations in most categories as an executive assistant manager, and that she acknowledged in her performance review in May 2004 that "I … still need some work before I am able to be promoted."

34.     For answer to Paragraph 34 of the Complaint, Walgreen admits that Epps was promoted to the position of Store Manager on February 3, 2005. The use of the word "finally" is argumentative and disputed.

35.     For answer to Paragraph 35 of the Complaint, Walgreen denies the allegations of Paragraph 35.

36.     For answer to Paragraph 36 of the Complaint, Walgreen denies the allegations of Paragraph 36.

37.     For answer to Paragraph 37 of the Complaint, Walgreen denies the allegations of Paragraph 37.

38.     For answer to Paragraph 38 of the Complaint, Walgreen repeats and incorporates its responses to previous paragraphs.

39.     For answer to Paragraph 39 of the Complaint, Walgreen denies the allegations of Paragraph 39, except Walgreen admits that Epps met expectations as a management trainee, and met expectations in most categories as an executive assistant manager, and that she

acknowledged in her performance review in May 2004 that "I … still need some work before I am able to be promoted."

    40.    For answer to Paragraph 40 of the Complaint, Walgreen admits the allegations of Paragraph 40.

    41.    For answer to Paragraph 41 of the Complaint, Walgreen denies the allegations of Paragraph 41, because the "higher position" is not identified with sufficient specificity.

    42.    For answer to Paragraph 42 of the Complaint, Walgreen denies the allegations of Paragraph 42, except Walgreen admits that in her performance review in May 2004, Plaintiff said, "I am eager to be Store Manager, but I still need some work before I am able to be promoted."

    43.    For answer to Paragraph 43 of the Complaint, Walgreen denies the allegations of Paragraph 43 because the "higher position" is not identified with sufficient specificity, and Epps acknowledged in her performance review in May 2004 that "I … still need some work before I am able to be promoted."

    44.    For answer to Paragraph 44 of the Complaint, Walgreen denies the allegations of Paragraph 44. Epps was promoted to Store Manager in February 2005.

    45.    For answer to Paragraph 45 of the Complaint, Walgreen denies the allegations of Paragraph 45.

    46.    For answer to Paragraph 46 of the Complaint, Walgreen denies the allegations of Paragraph 46.

    47.    For answer to Paragraph 47 of the Complaint, Walgreen denies the allegations of Paragraph 47.

48. For answer to Paragraph 48 of the Complaint, Walgreen denies the allegations of Paragraph 48, except Walgreen admits that she met expectations as a management trainee, and met expectations in most categories as an executive assistant manager, and that she acknowledged in her performance review in May 2004 that "I … still need some work before I am able to be promoted."

49. For answer to Paragraph 49 of the Complaint, Walgreen admits the allegations of Paragraph 49.

50. For answer to Paragraph 50 of the Complaint, Walgreen denies the allegations of Paragraph 50 because the "higher position" is not identified with sufficient specificity.

51. For answer to Paragraph 51 of the Complaint, Walgreen denies the allegations of Paragraph 51, except Walgreen admits that in her performance review in May 2004, Plaintiff said, "I am eager to be Store Manager, but I still need some work before I am able to be promoted."

52. For answer to Paragraph 52 of the Complaint, Walgreen denies the allegations of Paragraph 52 because the "higher position" is not identified with sufficient specificity, and Epps acknowledged in her performance review in May 2004 that "I … still need some work before I am able to be promoted."

53. For answer to Paragraph 53 of the Complaint, Walgreen denies the allegations of Paragraph 53. Epps was promoted to Store Manager in February 2005.

54. For answer to Paragraph 54 of the Complaint, Walgreen denies the allegations of Paragraph 54.

55. For answer to Paragraph 55 of the Complaint, Walgreen denies the allegations of Paragraph 55.

56. For answer to Paragraph 56 of the Complaint, Walgreen denies the allegations of Paragraph 56.

57. Walgreen denies the allegations of the prayer for relief and denies that the Plaintiff is entitled to any of the relief that she seeks.

IN FURTHER ANSWER to the complaint, Walgreen asserts the following affirmative and other defenses:

### FIRST DEFENSE

58. Walgreen avers that the Complaint fails to state a claim against Walgreen upon which relief can be granted under 42 U.S.C. § 1981 or § 2000e, *et seq.*, because Candace Epps was promoted to the position that she claims was discriminatorily denied her, and cannot demonstrate she suffered an adverse employment action as required by 42 U.S.C. § 2000e, *et seq.*

### SECOND DEFENSE

59. Plaintiff cannot prove a *prima facie* case of race discrimination because she informed Walgreen in May 2004 that "I … still need some work before I am able to be promoted."

### THIRD DEFENSE

60. Plaintiff has failed to mitigate her damages.

### FOURTH DEFENSE

61. Walgreen raises the defense of unclean hands, and reserves the right to plead after-acquired evidence.

### FIFTH DEFENSE

62. Plaintiff is not entitled to compensatory damages because any emotional distress or mental anguish she suffered was caused by occurrences other than conduct for which Walgreen is liable as a matter of law.

### SIXTH DEFENSE

63. Walgreen's decisions or actions regarding the plaintiff's employment were based upon legitimate, nondiscriminatory factors and were not based upon her race.

### SEVENTH DEFENSE

64. Some or all of plaintiff's claims are barred by the applicable statute of limitations.

### EIGHTH DEFENSE

65. Punitive damages are not available because the actions alleged in the Complaint were contrary to Walgreen's policies and good faith efforts to comply with the laws.

### NINTH DEFENSE

66. Plaintiff's compensatory and punitive damages claims are subject to the limitations imposed by 42 U.S.C. § 1981a.

### TENTH DEFENSE

67. Walgreen denies that it acted with malice or reckless indifference, and therefore, an award of punitive damages is not appropriate.

### ELEVENTH DEFENSE

68. Defendant claims all constitutional protection against punitive damages available under the constitution of the United States.

WHEREFORE, Walgreen, having answered the complaint, prays that this complaint be dismissed with prejudice, that the judgment be entered in its favor on all claims and causes of actions asserted by the plaintiff, and that Walgreen have such other and further relief that this Court deems just and proper, including but not limited to an award of fees and costs expended in defense of any and all frivolous and vexatious claims.

s/John Richard Carrigan
John Richard Carrigan (CAR014)
Alysonne Hatfield (HAT012)
Ogletree, Deakins, Nash, Smoak & Stewart,
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203
Telephone: (205) 328-1900
Facsimile: (205) 328-6000
E-mail: richard.carrigan@odnss.com
E-mail: alysonne.hatfield@odnss.com
*Counsel for Defendant, Walgreen Co., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June __, 2005, I electronically filed the foregoing Answer with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Jay Lewis, Esq.
Law Offices of Jay Lewis, LLC
P. O. Box 5059
Montgomery, AL  36103

s/John Richard Carrigan
John Richard Carrigan (CAR014)
Alysonne Hatfield (HAT012)

Ogletree, Deakins, Nash, Smoak &
Stewart, P.C.
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203
Telephone: (205) 328-1900
Facsimile: (205) 328-6000
E-mail: richard.carrigan@odnss.com
E-mail: alysonne.hatfield@odnss.com
*Counsel for Defendant, Walgreen Co., Inc.*