# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
### NORTHERN DIVISION

| | |
|---|---|
| **CANDACE EPPS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **CASE NO.: 2:05CV-00498-T** |
| ) | |
| **WALGREEN CO., INC.** ) | |
| ) | |
| Defendant. ) | |

## MOTION OF WALGREEN CO., INC. FOR SUMMARY JUDGMENT

Walgreen Co., Inc. (hereafter "Walgreen") moves for summary judgment on all claims of the Plaintiff, Candace Epps, because the pleadings, discovery responses, and the deposition of the Plaintiff, Candace Epps, as well as the evidence submitted simultaneously herewith, show that there is no genuine issue of material fact, and that Walgreen is entitled to judgment as a matter of law. In support of this Motion, Walgreen will show:

1.  Plaintiff has raised promotion discrimination claims under Title VII of the Civil Rights Act of 1964, as amended, and under 42 USC Section 1981, based on her claims that Walgreen did not select her for Store Manager positions in the employer's Montgomery, Alabama, area Perry Hill Road store, and in a Birmingham, Alabama, area store in the summer of 2004.

2. Each of the claims asserted by Plaintiff requires proof of intentional discrimination on the basis of her race, and she has no direct evidence that race played any part in any decision affecting her employment.

3. Plaintiff does not have a prima facie case of discrimination in promotion with respect to the 2004 Store Manager position in Walgreen's Birmingham, Alabama store because, as she concedes in her deposition, Walgreen had no reason or duty to know that she was interested in relocating from the Montgomery to the Birmingham area.

4. Even if Walgreen did have a reason or a duty to have considered Ms. Epps for a relocation to Birmingham, Plaintiff cannot challenge Walgreen's legitimate, nondiscriminatory reasons for both its promotion decisions.

5. Walgreen submits that any pattern and practice allegations of race discrimination raised in Plaintiff's Complaint must be disposed of through summary judgment because Plaintiff has raised such a claim as a single, private Plaintiff, and because her allegations, even if believed, do not establish that discrimination based on race is Defendant's "standard operating procedure." See Cooper v. Southern Co., 764 F.3d 695, 724 (11th Cir. 2004).

WHEREFORE, Walgreen Co., Inc. respectfully submits that this Court grant this Motion for Summary Judgment, dismiss Plaintiff's claims with prejudice because she has no admissible

evidence that creates a genuine issue of material fact, and award Defendant its costs in defending against this action.

>s/ Alysonne O. Hatfield
>John Richard Carrigan (CAR014)
>Alysonne O. Hatfield (HAT012)
>Ogletree, Deakins, Nash, Smoak & Stewart,
>One Federal Place, Suite 1000
>1819 5th Avenue North
>Birmingham, Alabama 35203
>Telephone: (205) 328-1900
>Facsimile: (205) 328-6000
>E-mail: richard.carrigan@odnss.com
>E-mail: alysonne.hatfield@odnss.com
>*Counsel for Defendant, Walgreen Co., Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2006, I electronically filed the foregoing Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing to Jay Lewis.

>s/Alysonne O. Hatfield
>Alysonne O. Hatfield  (HAT012)
>Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
>One Federal Place, Suite 1000
>1819 5th Avenue North
>Birmingham, Alabama 35203
>Telephone: (205) 328-1900
>Facsimile: (205) 328-6000
>E-mail: alysonne.hatfield@odnss.com
>*Counsel for Defendant, Walgreen Co., Inc.*