IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

CANDACE EPPS,                          *
    Plaintiff                      *
                                *
        v.                           *      Civil Case No. 2:05-cv-498-C
                                *
WALGREEN CO., INC.,                    *
    Defendant.                     *
                                *
                                *

## PLAINTIFF'S RESPONSE TO THE DEFENDANT'S
## MOTION FOR SUMMARY JUDGMENT

COMES NOW Plaintiff Candace Epps ("Plaintiff") by and through her attorney of record and would submit the following brief as her response to the defendant's Walgreen Co., Inc. ("Walgreen") motion for summary judgment.

## I.  STATEMENT OF THE CASE

Plaintiff is a black female who works at a Walgreen store in Montgomery, Alabama as a Store Manager.  She filed an EEOC charge of race discrimination dated October 13, 2004.  She filed this lawsuit on May 26, 2005, alleging racial discrimination when she was denied a promotion in her employment in violation of Title VII of the Civil Rights Act of 1964, as amended 42 U.S.C.A. § 2000e, et seq. and 42 U.S.C.A. § 1981.  Walgreen, in its answer, denied that it discriminated against Plaintiff.

## II.  STATEMENT OF MATERIAL FACTS

1.      Plaintiff, a black female, began working for Walgreen on July 21, 2002, as an Assistant Manager, at the 2281 South Boulevard Walgreen store located in Montgomery, Alabama.

Plaintiff was hired by David Sheppard, District Manager. (Exhibit 1, Plaintiff's depo., 8:10-9:2; 14:9-14:17; 14:4-14:6).

2.      She was promoted to Executive Assistant Manager on or about July, 2003. (Exhibit 1, Plaintiff's depo., 8:10-9:2).

3.      Plaintiff's Store Manager at the South Boulevard store when she was hired was Shahn Michiels, white male. (Exhibit 4, Declaration of David Sheppard, p.2). After Michiels left in March, 2003, James Freeman, white male, became Plaintiff's Store Manager. (Exhibit 1, Plaintiff's depo., 15:3-15:12; Exhibit 3, Defendant's Answers to Plaintiff's Interrogatories, p. 4[1]; Exhibit 4, Declaration of David Sheppard, p. 2).

4.      Plaintiff passed the PTCB pharmacy test Walgreen requires of its Store Managers in March, 2004. (Exhibit 1, Plaintiff's depo., 19:12-19:18).

5.      During May/June 2004, Walgreen was preparing to open a new store on Perry Hill Road in Montgomery, Alabama. (Exhibit 4, Declaration of David Sheppard, p.2; Exhibit 2, EEOC Charge of Discrimination, Addendum). The Store Manager position at the Perry Hill Road store had not been filled yet. (Exhibit 1, Plaintiff's depo., 21:3-21:23).

6.      During the Summer, 2004, a Birmingham Walgreen store had an opening for a Store Manager. (Exhibit 4, Declaration of David Sheppard, p. 4).

7.      Plaintiff spoke with David Sheppard in May, 2004, about being promoted from Executive Assistant Manager to Store Manager. Epps told Sheppard she wanted to be promoted to Store Manager wherever there was an opening. Epps told Sheppard she had passed the pharmacy test

---

[1] This exhibit, unverified by Walgreen, yet submitted to Plaintiff by Walgreen's attorneys, is the only copy of Defendant's Answers to Plaintiff's First Interrogatories. Should the Court find it deficient, Plaintiff reserves the right to submit a verified copy.

and her Store Manager, James Freeman, believed she was ready to be a Store Manager. Sheppard told Epps that he didn't feel he quite knew her. He also told her that she was ready and more than capable to be a Store Manager, but he wanted her to work with at least two experienced Store Managers. Epps told Sheppard that she had already worked for two Store Managers (Michiels and Freeman). Sheppard told Epps that Michels did not count because he was not a good manager. (Exhibit 1, Plaintiff's depo., 20:9-21:2; 22:7-24:20; 27:15-28:1; 39:23-40:7; 40:8-40:18; 43:11-43:18).

8.      At Plaintiff's request, Plaintiff had a meeting with Sheppard a second time in June, 2004, to again discuss her being promoted from Executive Assistant Manager to Store Manager. Epps wanted clarification on what Sheppard meant during their meeting in May, 2004, when he said that he did not know her. He responded that he did not know why his statement had come out that way since she had been at the South Boulevard store since 2002. Sheppard told Epps he wanted her to work as an Executive Assistant Manager for JoAnn Jones, white female, who was to be the Store Manager at the Perry Hill Road store. Sheppard did not tell Epps that Jones was to be at the Perry Hill Road store temporarily, only for the purpose of opening the store and then return to her Atlanta Highway store. (Exhibit 1, Plaintiff's depo., 20:9-21:2; 22:7-23:12; 25:17-26:3; 26:8-27:7; 28:2-28:8; 39:23-40:7; 41:3-41:21).

9.      Plaintiff was assigned by Sheppard to the Perry Hill Road store to serve as Executive Assistant Manager under JoAnn Jones, who was laterally transferred from the Atlanta Highway Walgreen store by Sheppard to serve temporarily as Store Manager for the Perry Hill Road store. (Exhibit 2, EEOC Charge of Discrimination, Addendum; Exhibit 4, Declaration of David Sheppard, p. 2-3).

3

10.     After approximately two months at the Perry Hill Road store, Jones returned to her original store on Atlanta Highway. (Exhibit 1, Plaintiff's depo., 28:22-29:2; 29:9-29:12).

11.     Leland Wallace, white male, was promoted to Store Manager of the Perry Hill Road store in the Fall of 2004, and replaced Jones as Store Manager. (Exhibit 1, Plaintiff's depo., 30:16-31:5; 9:15-9:23; 29:9-29:12). Wallace had moved to a Birmingham store in Sheppard's district in October, 2003. (Exhibit 5, Defendant's Brief for summary judgment, Tab A, Exhibit 6).

12.     During the time Epps worked for Wallace, he would ask her how to do certain parts of his job. (Exhibit 1, Plaintiff's depo., 30:16-31:5). Freeman told Epps that Wallace did not know how to do "the books" or any of the office responsibilities of his position as Store Manager. Freeman told Epps that all Wallace knew was how to stock the floor. (Exhibit 1, Plaintiff's depo., 36:20-37:7).

13.     Epps complained that she felt she was discriminated against because she did not get the promotion (to Store Manager) to Freeman, Wallace and Darryl Merkeson, Loss Prevention Manager. (Exhibit 1, Plaintiff's depo., 65:8-65:15; 68:8-69:7). Merkeson told Epps that he had recommended her for the position. (Exhibit 1, Plaintiff's depo., 69:14-70:8).

14.     In the conversation between Wallace and Epps regarding her complaint of discrimination, Wallace told her that he also did not understand why she did not get promoted. Wallace told Epps she was more than capable of being Store Manager. (Exhibit 1, Plaintiff's depo., 52:21-53:9).

15.     Plaintiff filed an EEOC charge of discrimination dated October 13, 2004, complaining of race discrimination when she was not selected for the position of Store Manager at two different Walgreen stores. Instead, the Store Manager positions went to a white male and a white female. (Exhibit 2, EEOC Charge of Discrimination, Addendum).

4

16.    In February, 2005, following Plaintiff's EEOC charge, Wallace left the Perry Hill Road

store and Plaintiff then replaced him as Store Manager.  (Exhibit 1, Plaintiff's depo., 10:3-10:4;

9:15-9:23; 29:16-29:22; 7:22-8:3).

17.    For internal promotions at Walgreen, there is no formal application process required.  An

employee expresses an interest in a promotion to his or her Store Manager.  (Exhibit 1, Plaintiff's

depo., 170:23-171:6).  Epps did not fill out an application which she was an Executive Assistant

Manager to be promoted to Store Manager.  (Exhibit 1, Plaintiff's depo., 172:9-172:13).

## III.  LEGAL ARGUMENT

## A.  SUMMARY JUDGMENT STANDARD

Under the provisions of Rule 56 ( c), F.R.C.P., summary judgment is appropriate if "there

is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a

matter of law."  *See Celotex v. Cattrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

The movant "always bears the initial responsibility of informing the district court of the basis for

its motion"... and ... must "demonstrate the absence of a genuine issue of material fact." *Id*.

After the movant has met its burden under Rule 56( c ), the non-movant must set forth

"specific facts showing that there is a genuine issue for trial" *Id*.  In ruling, the Court "must

believe the evidence of the non-movant and must draw all justifiable inferences from the evidence

in the non-moving party's favor." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106

S.Ct. 2505, 2513-14, 91 L.Ed.2d 202 (1986); cited in *Reeves v. Thigpen*, 879 F.Supp 1153, 1166

(M.D.Ala. 1995).

In entertaining a motion for summary judgment, the court should review all of the

evidence in the record, drawing all reasonable inferences in favor of the nonmoving party, but the

court may not make credibility judgments or weigh the evidence. *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554-55 (1990). Although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe. That is, the court should give credence to the evidence supporting the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses. 9A C. Wright & A. Miller, Federal Practice and Procedure § 2529, pp. 299-300 (2d Ed. 1995); *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000).

In an employment discrimination case, the court is required to consider the evidence supporting the plaintiff's prima facie case and any such evidence tending to undermine the defendant's nondiscriminatory explanation. The existence of a prima facie case combined with sufficient evidence for the trier of fact to disbelieve the defendant's proffered nondiscriminatory reason for the employment action it took is sufficient for the trier of fact to infer the ultimate fact of discrimination. *Reeves*, at 147.

## B.  ARGUMENT-RACE DISCRIMINATION

Plaintiff contends that the defendant discriminated against her, a black employee, with respect to her non-selection for the two positions available of Store Manager during the summer of 2004.

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin...." 42 U.S.C. § 2000e-2(a). *Maynard v. Board of Regents*, 342 F. 3d 1281,

6

1288 (11th Cir. 2003).

Title VII does not require the plaintiff "to prove directly that race or gender was the reason for the employer's challenged decision. Rather, in showing that the employer discriminated against him, [Plaintiff] may rely on direct or circumstantial evidence of discrimination." *Id.* at *4 . See also, *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 526, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993).

Since direct evidence of racial animus can be difficult to produce, it is appropriate to use the three-step burden shifting framework developed in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) to analyze circumstantial evidence of discrimination.  (The same burden shifting analysis applies in § 1981 cases, see *Cooper v. Southern Co.,* 390 F.3d 695, 724-725 (11th Cir. 2004).  First, "the plaintiff must create an inference of discrimination by establishing a prima facie case. If he does so, the defendant must 'articulate some legitimate, nondiscriminatory reason for the employee's rejection.'...The plaintiff may then attempt to show that these reasons are pretextual or may present other evidence to show that discriminatory intent was more likely the cause of the employer's actions." *Nix*, 738 F.2d at 1184. (quoting *McDonnell Douglas Corp.*, 411 U.S. 792 at 802); *see also Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 256 (1981).

Plaintiff must show: (1) that she belongs to a protected racial group; (2) that she was subjected to an adverse employment action to which non-protected persons were not subjected; (3) that the adverse action was based on her race.  *McDonnell Douglas Corporation v. Green*, 411 U.S. 792,  93 S.Ct. 1817 (1973).

If a plaintiff chooses to make use of the *McDonnell Douglas* presumption, she initially

does not need to present evidence from which the trier of fact could conclude that the adverse

employment action taken against her was caused by improper discrimination. Instead, she need

only establish that (1) an adverse employment action was taken against her, (2) she was qualified

for the job position in question, and (3) different treatment was given to someone who differs in

regard to the relevant personal characteristic. *Wright v. Southland Corp.*, 187 F.3d 1287 (11th Cir.

1999).

A plaintiff's *prima-facie* case raises a presumption of illegal discrimination. *Burdine*, 450

U.S. at 254. *See also Hunter v. Citibank, N.A.*, 862 F.Supp. 902 (E.D.N.Y.1994), affirmed 60

F.3d 810, certiorari denied 116 S.Ct. 483, 516 U.S. 978, 133 L.Ed.2d 410.[2] (Upon a showing by

Plaintiff that he has met his *prima facie* burden, an inference of discriminatory intent is raised).

Plaintiff has established her *prima facie* case. First, Plaintiff as an African-American

woman has established herself as a member of a protected class. Second, Plaintiff has shown she

was qualified for the position having worked at Walgreen since 2002. Plaintiff had passed the

PTCB pharmacy test in March, 2004. James Freeman, Epps' Store Manager, believed Epps was

ready to be a Store Manager. (Exhibit 1, Plaintiff's depo., 8:10-9:2; 19:12-19:18; 23:1-24:20).

Third, Plaintiff suffered an adverse employment action when she was not selected in the summer

of 2004, for the two available positions of Store Manager. Finally, Plaintiff has shown that

Walgreen treated similarly situated employees outside her classification more favorably, by

demonstrating that her white counterparts were selected for the positions of Store Manager.

The defendant concedes that Plaintiff has established a *prima facie* case for the Perry Hill

---

[2] In the Eleventh Circuit, the satisfaction of the McDonnell Douglas test raises a
"presumption," but not an "inference." *Walker v. Mortham*, 158 F.3d 1177, 1184, n. 10 (11th Cir.
1998).

Road store position. The defendant does argue that Plaintiff has not made out a *prima facie* case

for the Birmingham store because she did not apply for the job.

When the employer uses no formal procedures for hiring or promoting, the courts in this

circuit have recognized that such subjective procedures can lead to racial discrimination. "The

failure to establish 'fixed or reasonably objective standards and procedure for hiring' is a

discriminatory practice." *Carmichael v. Birmingham Saw Works,* 738 F.2d 1126, 1133 (11th Cir.

1984). Further, if an employer uses such informal methods, it has a duty to consider all those who

might reasonably be interested, in addition to those who learned of the opening and expressed an

interest. *Roberts v. Gadsden Memorial Hospital,* 1985 WL 8026 (N.D. Fla., 1985). (CHECK

FOR BETTER CITE).

The defendant concedes that Walgreen's promotional policy has no written application

requirement (Exhibit 5, Defendant's Brief for summary judgment, p. 12), but it does require a

clear expression of interest to the District Manager. Epps did, in fact, express clearly to Sheppard

on two separate occasions that she wanted to be promoted to Store Manager wherever there was

an opening. (Exhibit 1, Plaintiff's depo., 43:11-43:18). Therefore, the defendant's contention that

Sheppard had no reason or duty to know of Plaintiff's interest in the Birmingham Store Manager

position fails. Plaintiff was highly qualified for the positions of Store Manager and did in fact

apply by expressing her interest to Sheppard, who did not consider Plaintiff because she was

black. The failure to post the positions or consider Epps for the positions is evidence of

discriminatory intent on the part of Walgreen.

In this case, the defendant can prevail on summary judgment only if Plaintiff is unable to

show an intent to discriminate by the defendant because there is no factual dispute as to the

defendant's purportedly non-discriminatory reason for taking the action it did. *Parsons v. City of Philadelphia Coordinating Office of Drug and Alcohol Abuse Programs*, 833 F.Supp. 1108 (E.D.Pa.1993). The defendant cannot prevail because there are material factual disputes over the defendant's alleged reasons for its actions.

It is unnecessary to produce direct evidence of discriminatory intent, as it may be established by reference to the *McDonnell Douglas* analysis. See also, *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S.Ct. 1089 67 L.Ed.2d 207 (1981). Even after the defendant produces a facially non-discriminatory reason for preferring an applicant of one race over one of another race, or taking adverse employment action against one employee that it would not have taken against an employee of another race, elements of the *prima facie* case remain available to the plaintiff to show that the reason offered by the defendant, if arguably discredited by the plaintiff, was a pretext for discrimination. In other words, the pretextual nature of the reason proffered, combined with the *McDonnell Douglas* factors may be sufficient to preclude summary judgment and, in fact, may be sufficient to permit a finding for the plaintiff at trial. *Combs v. Plantation Patterns*, 106 F.3d 1519, 1527-29 (11th Cir.1997), *certiorari denied* 522 U.S. 1045 (1998); *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 113 S.Ct. 2742 (1993). As the Eleventh Circuit held in *Evans v. McClain of Georgia, Inc.*, 131 F.3d 957 (11th Cir. 1997), "[u]nder the established rule of law in this Circuit, a plaintiff can survive a motion for summary judgment or for judgment as a matter of law simply by presenting evidence sufficient to demonstrate a genuine issue of material fact as to the truth or falsity of the employer's legitimate, nondiscriminatory reasons." *Evans*, 131 F.3d at 964-65.

The defendant argues that its legitimate non-discriminatory reason for selecting Leland

10

Wallace as Store Manager was a business judgment made by Sheppard, since the qualification
difference between Plaintiff and Wallace was no so great as to "jump off the page and slap you in
the face." A recent U.S. Supreme Court decision found the 11th Circuit's test needed
reformulation. "The visual image of words jumping off the page to slap you (presumably a court)
in the face is unhelpful and imprecise as an elaboration of the standard for inferring pretext from
superior qualifications." *Ash v. Tyson Foods,* 2006 WL 386343, *2 (2006). Plaintiff has
introduced evidence that her qualifications were superior to that of Leland Wallace. During the
time Epps worked for Wallace, he would ask Epps how to do certain parts of his job. (Exhibit 1,
Plaintiff's depo., 30:16-31:5). Freeman also told Epps that Wallace did not know how to do "the
books" or any of the office responsibilities of his position as Store Manager. Freeman told Epps
that all Wallace knew was how to stock the floor. (Exhibit 1, Plaintiff's depo., 36:20-37:7). This
evidence shows pretext for discrimination on the part of Walgreen.

In addition, to dispute the defendant's legitimate non-discriminatory reason as pretext,
Plaintiff relies on what Sheppard told her when they discussed her being promoted to Store
Manager. First, during their meeting in May, 2004, Sheppard responded to Plaintiff regarding her
becoming a Store Manager that he did not feel he quite knew her. (Exhibit 1, Plaintiff's depo.,
23:1-24:20). In the follow up meeting in June, 2004, where Plaintiff was seeking, in part,
clarification as to what Sheppard meant when he said he did not know her, Sheppard responded
that he did not know why his statement had come out that way since Plaintiff had been employed
at the South Boulevard store since 2002 (a store in his district). (Exhibit 1, Plaintiff's depo., 26:8-
27:7). In contrast, Leland Wallace, a white male, had only entered Sheppard's district in October,
2003. (Exhibit 5, Defendant's Brief for summary judgment, Tab A, Exhibit 6). Promoting

11

Wallace to Store Manager in June, 2004, after his only being under Sheppard's supervision as District Manager for eight months is suspect since Sheppard told Epps he did not know her well enough even though she had been under his supervision as District Manager for two years. (Exhibit 4, Declaration of David Sheppard, p. 3).

Second, while Sheppard claims now that Epps was not ready to be a Store Manager at that time, he had in fact told Epps that she was ready and more than capable to be a Store Manager. (Exhibit 1, Plaintiff's depo., 27:15-28:1; 40:8-40:18; Exhibit 4, Declaration of David Sheppard, p. 3-4). Sheppard told Epps he wanted her to work with at least two experienced Store Managers. Epps told Sheppard she had already worked for two Store Managers; however, this was not sufficient for Sheppard. One Store Manager Epps worked for was not a good manager, according to Sheppard. (Exhibit 1, 23:1-24:20).

Finally, Sheppard told Epps he wanted her to work as an Executive Assistant Manager for JoAnn Jones, a white female, who was to be the Store Manager at the Perry Hill Road store. Sheppard did not tell Epps that Jones was to be at the Perry Hill Road store temporarily, only for the purpose of opening the store, and then return to her Atlanta Highway store. (Exhibit 1, Plaintiff's depo., 28:2-28:8; 28:22-29:2; 29:9-29:12; 41:3-41:21; Exhibit 4, Declaration of David Sheppard, p. 2-3). Sheppard knew Jones would only serve as the Store Manager at the Perry Hill Road store temporarily. However, he led Plaintiff to believe that Jones was to be the Perry Hill Store Manager permanently, so Epps could receive the valuable experience from working with Jones that Sheppard stated was his reason for not selecting her as Store Manager. This shows pretext on the part of Walgreen. It is unclear what kind of "valuable experience" Epps could gain by working only two months with Jones.

The defendant argues that its legitimate non-discriminatory reason for selecting Jacqueline Martin, white female, as Store Manager for the Birmingham store was that Walgreen did not know of Plaintiff's interest in relocation to Birmingham. (Exhibit 5, Defendant's Brief for summary judgment, p. 18; Exhibit 4, Declaration of David Sheppard, p. 4). Epps did, in fact, express clearly to Sheppard on two separate occasions that she wanted to be promoted to Store Manager wherever there was an opening. (Exhibit 1, Plaintiff's depo., 43:11-43:18). Therefore, the defendant's contention that Sheppard had no reason or duty to know of Plaintiff's interest in the Birmingham Store Manager position fails. Plaintiff was highly qualified for the position of Store Manager and did in fact apply by expressing her interest to Sheppard, who did not consider Plaintiff because she was black. Not posting the positions or considering Epps for the positions is evidence of discriminatory intent on the part of Walgreen.

The factfinder's disbelief of the reasons put forward by the defendant (particularly if disbelief is accompanied by a suspicion of mendacity) may, together with the elements of the *prima facie* case, suffice to show intentional discrimination. Thus, rejection of the defendant's proffered reasons will permit the trier of fact to infer the ultimate fact of intentional discrimination, and "[n]o additional proof of discrimination is required." *Combs v. Plantation Patterns,* 106 F.3d 1519, 1529 (11th Cir. 1997) (quoting *Hicks v. St. Mary's Honor Ctr.,* 970 F.2d 487, 493 (8th Cir. 1992)).

Plaintiff has established that there is a legitimate dispute of material fact regarding the defendant's legitimate non-discriminatory reason for its non-selection of Plaintiff for the positions of Store Manager during the summer of 2004. Plaintiff has established her *prima facie* case. Plaintiff has produced evidence that the defendant's employment decision was based on illegal

discriminatory criteria and that the defendant's stated reason is pretextual.

## CONCLUSION

There are genuine issues of material facts in this case, and the defendant is not entitled to

judgment as a matter of law.

Respectfully submitted this the 6th day of March, 2006.

/s/ JAY LEWIS (LEW031)
Jay Lewis
Attorney for Plaintiff
P.O. Box 5059
Montgomery, Alabama, 36103
334-263-7733 (voice)
334-263-7733 (fax)
J-Lewis@JayLewisLaw.com
ASB-2014-E66J

## CERTIFICATE OF SERVICE

I hereby certify that I have served the foregoing document on the following parties or attorneys by ECF, hand delivery or by placing a copy of the same in the United States mail, properly addressed and first-class postage prepaid on this 6th day of March, 2006.

John Richard Carrigan
Alysonne Hatfield
Ogletree, Deakins, Nash, Smoak & Stewart
One Federal Place, Suite 1000
1819 5th Avenue North
Birmingham, Alabama 35203

OF COUNSEL