IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CANDACE EPPS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 2:05cv498-MHT |
| | ) |
| WALGREEN CO., INC., | ) |
| | ) |
|    Defendant. | ) |

**ORDER**

It is hereby ORDERED that this matter be and is hereby set for a mediation conference on **May 25, 2006, at 1:30 p.m.** in Courtroom 4B, United States Courthouse, One Church Street, Montgomery, Alabama. It is further

ORDERED that counsel and the parties or a representative with full authority to settle the case shall appear at and attend this conference. The plaintiff should be prepared to present documents substantiating any claims for damages.

If counsel have not held a good faith, face-to-face settlement conference as required in the court's scheduling order, counsel shall hold this conference not less than seven days prior to the date set for mediation. On or before the close of business on **May 23, 2006**, each party shall provide the undersigned judge with a confidential mediation conference statement. The statement should not be filed with the clerk's office and should not be served on the other parties. The parties may transmit the statement to chambers by facsimile at **(334) 954-3709.** The statement is solely for the court's use in preparing for the mediation conference. The statement shall be limited to ten (10) pages and should include:

    1. An estimate of the costs of future litigation in this case, including the cost of trial and trial preparation;

2. A history of the litigation and past settlement discussions including the results of the face-to-face settlement conference;

3. A explanation of the party's claims or defenses and a candid assessment of the strengths and weaknesses of those claims or defenses;

4. A candid statement of the following:

    a. the party's objectives in this litigation.

    b. the nature of the relationship between the party and counsel.

    c. sensitive issues or matters.

5. The relief sought -- where damages are sought, the party should provide the court with evidence supporting the damage request.

6. A full and complete explanation of any subrogation claims and how these claims impact on the plaintiff's claim for damages.

7. Counsel's candid assessment of any impediments to settlement.

8. Counsel's assessment about whether opening statements from counsel will benefit the mediation process.

In addition to the foregoing, prior to the mediation conference counsel shall confer and attempt to agree upon the form and contents of mutual releases for execution if this case is settled.

Done this 16th day of May, 2006.

                                           /s/Charles S. Coody
                                          CHARLES S. COODY
                                          CHIEF UNITED STATES MAGISTRATE JUDGE