IN THE DISTRICT COURT OF THE UNITED STATES FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CANDACE EPPS, | ) |
| Plaintiff, | ) |
| v. | ) 2:05CV-00498-T |
| WALGREEN CO., INC., | ) |
| Defendant. | ) |

ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on May 15, 2006, wherein the following proceedings were held and actions taken:

1. PARTIES AND TRIAL COUNSEL:

   **Plaintiff:**   Candace Epps          Jay Lewis
                                          Carol Gerard

   **Defendant:**   Walgreen, Co.         John Richard Carrigan
                                          Alysonne Hatfield

   COUNSEL APPEARING AT PRETRIAL HEARING: (same as trial counsel).

   2. JURISDICTION AND VENUE:   Subject matter jurisdiction exists under 28 U.S.C. Sections 1331, 1343, 2201, and 2202. Personal jurisdiction and venue are not contested.

   3. PLEADINGS: The following pleadings and amendments were allowed: Complaint (filed May 26, 2005) (Doc. 1) on behalf of Plaintiff; Answer on behalf of Defendant (filed June 26, 2005) (Doc. 4).

   4. CONTENTIONS OF THE PARTIES:

(a) The plaintiff(s): Plaintiff, a black female, contends that she was discriminated against with respect to her non-selection for the two positions available of Store Manager during the summer of 2004. Plaintiff has established her *prima facie* case of race discrimination under Title VII for the two positions. First, Plaintiff as an African-American woman has established herself as a member of a protected class. Second, Plaintiff was qualified for the positions having worked at Walgreen since 2002. Plaintiff had already passed the PTCB pharmacy test in March, 2004, a requirement needed to become a Store Manager. James Freeman, Epps' Store Manager, believed Epps was ready to be a Store Manager. Third, Plaintiff suffered an adverse employment action when she was not selected in the summer of 2004, for the two available positions of Store Manager. Finally, Plaintiff has shown that Walgreen treated similarly situated employees outside her classification more favorably, by showing that her white counterparts were selected for the positions of Store Manager.

Plaintiff clearly expressed to the District Manager on two separate occasions that she wanted to be promoted to Store Manager wherever there was an opening. The failure on the part of Walgreen to post the positions or consider Epps for the positions is evidence of discriminatory intent on the part of Walgreen.

Plaintiff disputes Walgreen's legitimate, non-discriminatory reasons for selecting Leland Wallace, white male, and Jacqueline Martin, white female, for the Store Manager positions. Plaintiff contends that her qualifications were superior to that of Leland Wallace. Also the District Manager's response that he did not feel he quite knew her is evidence of pretext. Wallace had only entered this District Manager's district in October, 2003, while Plaintiff had been employed in this District Manager's district since 2002. Second, the District

**Manager claims now that Plaintiff was not ready to be a Store Manager at that time, but then he had told Plaintiff that she was ready and more than capable to be a Store Manager. The District Manager told Plaintiff she needed to work with at least two experienced Store Managers. When Plaintiff told the District Manager she had already worked for two Store Managers, this was insufficient for the District Manager. The District Manager then wanted Plaintiff to work for JoAnn Jones, Store Manager at the Perry Hill Road store, in order to gain "valuable experience." However, the District Manager never told Plaintiff that Jones was only to serve as Store Manager at the Perry Hill Road temporarily. It is unclear what kind of "valuable experience" Plaintiff could gain from working with Jones only temporarily for two months. This shows pretext on the part of Walgreen.**

**The defendant claimed its legitimate non-discriminatory reason for selecting Jacqueline Martin, white female, as Store Manager for the Birmingham store was that Walgreen did not know of Plaintiff's interest in relocating to Birmingham. Plaintiff, however, did express clearly to the District Manager on two separate occasions that she wanted to be promoted to Store Manager wherever there was an opening.**

**Plaintiff is entitled to a declaratory judgment that the practices complained of herein are unlawful and violative of 42 U.S.C.A. section 2000e, et seq. and 42 U.S.C.A. section 1981 Plaintiff prays the Court will Order modification or elimination of practices set forth herein to be in violation of law that they do not discriminate on the basis of race. Plaintiff is entitled to recover Three Hundred Thousand Dollars as to claims cognizable under 42 U.S.C.A. section**

3

2000e by and through 42 U.S.C. 1981(a) and further demands compensatory and punitive damages of Three Hundred Thousand Dollars as to claims cognizable under 42 U.S.C.A. section 1981. Plaintiff is entitled to recover equitable relief that may be available under the relevant statutes, including back pay. In the alternative, Plaintiff is entitled to be granted nominal damages and equitable relief. Plaintiff is entitled to be awarded the costs incurred in connection with this litigation and reasonable attorneys' fees. Plaintiff prays the Court will grant to her such other, further and different relief as this Court may deem just and proper.

(b) The defendant(s): Defendant Walgreen Co., Inc., denies that it has discriminated against the Plaintiff with respect to promotion, or any other term or condition of her employment, on the basis of her race or any other protected characteristic. Plaintiff, who was herself promoted from Executive Assistant Manager to Store Manager before her Complaint was filed, has no direct evidence that race played any part in the earlier Store Manager promotion decisions that she challenges, and does not make a prima facie case as to either position, because she neither applied for either Store Manager position, nor did she give the decision-maker, Walgreen District Manager David Sheppard, any reason or duty to have considered her for the Valleydale Road Store Manager position in Birmingham, Alabama, nor does she have examples of comparably situated, white Executive Assistant Managers who were treated more favorably than was she.

Walgreen typically selects Store Managers from experienced EXAs who have based the PTCB test for pharmacy certification. While the PTCB certification is a requirement for consideration for a Store Manager position, it does not automatically qualify a candidate for such a position. Also, according to Walgreen's written policies, "[a]ll employees are to be

4

given equal opportunity for advancement.  If all other considerations are equal, length of service with the company should be considered in making a promotional decision."  Plaintiff is aware of at least three Caucasian EXAs who were denied a promotion to Store Manager during the summer of 2004, and she also admits she knows of no other Montgomery area EXA who was promoted more quickly than she.

Moreover, Mr. Leland Wallace, who Walgreen ultimately selected as Store Manager for the new Perry Hill Road store in the summer of 2004, had worked for Walgreen nearly a year longer than Plaintiff, and had also been highly recommended to David Sheppard by another very experienced Walgreen District Manager, Jim Huntington.  With respect to Ms. Vardaman, whom Mr. Sheppard selected for the contested Valleydale Road Store Manager position in Birmingham, Alabama, Mr. Sheppard selected her because she had a longer service with Walgreen than did the plaintiff, she had a college degree, and because she had already worked as an EXA in the Valleydale store for a full year prior to the contested Store Manager vacancy.

As such, Plaintiff has no evidence that the reasons given for selecting other employees to be Store Managers (longer service with Defendant, as well as the strong recommendation of an experienced District Manager in one case, and a college degree and experience in the store to be managed in the other case) were pretextual, and her case should thus be dismissed.

**5. STIPULATIONS BY AND BETWEEN THE PARTIES:**

a.  Walgreen District Manager David Sheppard hired Ms. Epps as an Assistant Manager ("MGT") for Walgreen's Montgomery area South Boulevard store starting on July 21, 2002.

 b. **At that time, Epps reported directly to Store Manager Shahn Michiels.**

 c. **Mr. Michiels was replaced by Store Manager James Freeman.**

 d. **Also in March 2004, Epps obtained her required PTCB certification.**

 e. **In June 2004, Mr. David Sheppard temporarily assigned Ms. JoAnn Jones, an experienced Walgreen Store Manager at Defendant's Atlanta Highway store (No. 7746), to be responsible for opening the new Perry Hill Road store.**

 f. **Mr. Sheppard also decided to transfer Epps to the new Perry Hill Road store to work as Ms. Jones's EXA.**

 g. **Mr. Wallace was hired by Walgreen as a Management Trainee, or Assistant Manager ("MGT"), in Zepherhills, Florida, on October 27, 2001, and he was promoted to EXA in May 2003. Mr. Wallace transferred to a Birmingham, Alabama Walgreen store in October 2003.**

 h. **Epps reported to Ms. Jones for approximately two months.**

 i. **In July 2004, Mr. Sheppard promoted Ms. Jackelyn Vardaman (now Martin), who began working at Walgreen as a Business Management Intern while she was completing her college degree, June 3, 2002, to the Store Manager position of Walgreen's Valleydale Road Store in Birmingham, Alabama.**

 j. **At the time of Ms. Vardaman's promotion, she had already been working as an EXA at the Birmingham Valleydale Road store for a full year.**

 k. **In February 2005, Ms. Epps was promoted to the position of Store Manager at Walgreen's Perry Hill Road store after Mr. Wallace transferred to another store.**

**It is ORDERED that:**

(1) The jury selection and trial of this cause, which is to last three (3) days, are set for June 26, 2006, at 10:00 a.m., at the federal courthouse in Montgomery, Alabama;

(2) The parties are to file their pre-trial briefs, proposed jury selection questions, and proposed jury instructions by June 21, 2006;

(3) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the list of his or her exhibits;

(4) At least three days before trial, counsel are to contact the courtroom deputy clerk about the procedures for pre-marking all trial exhibits;

(5) Each party shall have available a sufficient number of copies of each photostatically reproducible exhibit for each of the jurors, opposing counsel, the courtroom deputy clerk, the law clerk, and the judge;

(6) All understandings, agreements, and stipulations contained in this pretrial order shall be binding

7

>     on all parties unless an objection is noted and
>     filed with the court within seven (7) days from
>     the date of this order.

**DONE, this the 16th day of May, 2006.**

                                        /s/ Myron H. Thompson
                                    **UNITED STATES DISTRICT JUDGE**